# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DE'JOIR STOKES,

      Plaintiff,

v.

CITY DOGS ANIMAL CONTROL,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25-cv-01852

Judge J. Philip Calabrese

Magistrate Judge Reuben J. Sheperd

## OPINION AND ORDER

Plaintiff De'Joir Stokes alleges that Defendant City Dogs Animal Control microchipped his dog over his objection. Proceeding without a lawyer, he asserts a variety of claims. Among other things, he alleges violations of the First Amendment, the Religious Freedom Restoration Act, conversion, and intentional infliction of emotional distress. Defendant moved to dismiss the complaint, prompting Plaintiff to try to amend and to seek appointment of counsel. Making things procedurally worse and more complicated, Defendnant then moved to strike Plaintiff's amended complaint. For the reasons that follow, the Court **DENIES** Plaintiff's motion to amend his complaint (ECF No. 6), **DENIES** Plaintiff's request for appointment of counsel (ECF No. 8), **GRANTS** Defendant's motion to dismiss (ECF No. 4), and finds that Defendant's motion to strike (ECF No. 9) is **MOOT**.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2025, Plaintiff De'Joir Stokes filed a complaint in State court. (ECF No. 1-1, PageID #5.) Attachments to the complaint make clear that, at the time

of the events giving rise to this lawsuit, Mr. Stokes was disabled and homeless.  (*Id.*, PageID #16 & #35.)  For the basis of his claims, Mr. Stokes wrote the following:

> Fabrication of Evidence, violation of § 603.05 and 603.04[.]  Abuse of process, police misconduct, conversion/forced/controlled/deprived, animal cruelty, violation to (RFRA) HB376 (causing a burden on my religious practice) as well as emotional distress, financial hardship, violation of my first Amendment (Free Exercise Clause.)

> Also, I have a video of me telling them no and the chief continued her reckless behavior, forcing the vet there at kennels to cause unwanted harm to my (De'Joir) service dog, causing animal cruelty.

(*Id.*, PageID #8–9).)  In an attachment, Mr. Stokes provides additional explanation for his claims.  (*Id.*, PageID #11.)  He alleges that individuals associated with Defendant told him his service dog needed to be microchipped before she could be returned to him, and they "refused to hear" that he opposed microchipping "due to religion."  (*Id.*)  As remedy, Mr. Stokes seeks $10 million "as well as disciplinary actions."  (*Id.*, PageID #9.)

Defendant timely filed removed on the basis of federal question jurisdiction. (ECF No. 1.)  Then, Defendant moved to dismiss.  (ECF No. 4.)  Broadly, Defendant argues that the complaint does not meet the pleading standard of Rule 8 and does not attempt to overcome Defendant's immunity under federal and Ohio law.  (*Id.*, PageID #73–86.)  Additionally, Plaintiff's references to "violation of § 603.05 and 603.04" and "animal cruelty" imagines a civil cause of action that does not exist under the law. (*Id.*, PageID #81–82.)

Many weeks later, Plaintiff made three filings in this case on the same day. First, he sought an extension of time to amend his complaint and expressed his intention to "seek legal aid."  (ECF No. 6, PageID #92.)  Second, he moved to proceed

2

*in forma pauperis* and moved for appointment of counsel." (ECF No. 8.)  Third, he filed a document titled, "Amended claims & response to dismissal," offering substantive responses to Defendant's motion to dismiss and presenting additional claims and purporting to add parties not included in his original complaint.  (ECF No. 7, PageID #94–95.)  Specifically, purports to add three parties—the City of Cleveland Division of Animal Care and Control, the State of Ohio, and the Third District Cleveland Division of Police—and a civil rights claim under 42 U.S.C. § 1983. (*Id.*)

Also, Plaintiff provided additional factual background for his claims. According to his amended claims, Mr. Stokes's dog was in Defendants' possession because local police encountered her alone in his car and "called animal control to break in and steal the dog." (*Id.*, PageID #95.)  He noted that the officers should have known better than to take her because Mr. Stokes informed their department that his car was broken down and that he abandoned it on the side of the road temporarily. (*Id.*)

Defendant responded with a motion to strike Mr. Stokes' amended claims as well his untimely request for an extension.  (ECF No. 9.)  Mr. Stokes explained that his filings were late due to assorted economic, legal, and health-related hardships. (ECF No. 10.)

## ANALYSIS

### I. Appointment of Counsel

As an initial matter, Mr. Stokes requests that the Court appoint counsel.  (ECF No. 8.)  A district court has the discretion to appoint counsel in a civil proceeding. *See*

3

*Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993); 28 U.S.C. § 1915(e)(1). In civil cases, there is no constitutional right to the assistance of a lawyer. Unlike in a criminal case, the Constitution does not entitle a civil litigant to a lawyer. Appointment of counsel is a privilege that "is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606. (citation omitted). When determining whether exceptional circumstances exist, courts generally examine "the complexity of the factual and legal issues involved" and "the plaintiff's ability to represent himself." *Id.* at 606 (cleaned up). "Courts should not appoint counsel when the claims are frivolous or when the chances of success are extremely slim." *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (citation and quotation marks omitted).

The Court has no doubt that Mr. Stokes would benefit from the assistance of a lawyer—most litigants would—and that he has exhausted all normal channels for finding representation. However, the Court discerns no exceptional circumstance warranting the appointment of counsel. Nor does it appear that counsel would make a difference in the ultimate outcome of this case. Therefore, the Court **DENIES** Plaintiff's request for appointment of counsel.

## II.     Amendment

A plaintiff may amend his complaint "once as a matter of course" within 21 days after serving it. Fed.R.Civ.P. 15(a)(1). After that point, the plaintiff may not amend unless he obtains "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Rule 15 directs courts to give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Doe v. Michigan State Univ.*, 989 F.3d 418, 426

4

(6th Cir. 2021). Absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility, courts should freely grant leave to amend. *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)). Ultimately, whether to grant or deny leave to amend rests within the discretion of the district court. *General Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir.1990).

One basis for a district court to exercise its discretion to deny a motion for leave to amend occurs where an amendment would be futile, meaning that even with benefit of the proposed amendment the complaint would not survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Hist. Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). To determine whether Mr. Stokes' amendment is futile, the Court looks to whether the substantive changes he proposes to his complaint enable it to survive a motion to dismiss. Therefore, the Court takes up that question as part of its analysis of Defendant's motion to dismiss.

### III.    Defendant's Motion to Dismiss

To withstand a motion to dismiss, a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up); *see also, e.g., Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded[,]" their conclusory nature "disentitles them to the presumption of truth") (quotation omitted).

Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), litigants who do not have a lawyer are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6t h Cir. 1989). Even a pro se complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " to avoid dismissal.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.A.  Claims for Which No Cause of Action Exists

Plaintiff's original complaint lists a variety of legal terms and statutes without explaining their applicability or identifying specific claims.  (ECF No. 1-1, PageID #8–9 & #11.)  In fact, when his amendment references eighteen claims from his original pleading, it is difficult to see where that number comes from.  (ECF No. 7, PageID #94.)  With or without the proposed amendment, some of Plaintiff's claims are so poorly articulated that it is not possible to figure out what they mean or attempt to plead.

Several of the legal terms listed in Mr. Stokes' original complaint do not exist as independent causes of action under the law.  Specifically, he lists animal cruelty, violations of Cleveland Ordinances 603.04 and 603.05 pertaining to dog nuisance, financial hardship, and "(RFRA) HB376."  (ECF No. 1-1, PageID #8–9.)

Under Ohio law, a local ordinance does not create a private right of action unless the text of the ordinance specifies otherwise. *See Natale v. Everflow Eastern, Inc.*, 2011-Ohio-4304, ¶ 52 (Ohio Ct. App.); *Fischer v. City of Cleveland*, 42 Ohio App. 75, 84 (1931) (recognizing that a violation of an ordinance "can not become the subject of an action founded upon any private right to sue unless the statute has expressly given such right") The dog nuisance ordinances which Mr. Stokes invokes do not, by their plain text, create any private right of action. *See* Cleveland Codified Ordinances §§ 603.04 & 603.05. Respectively, they outlaw allowing dogs that are a nuisance and require annual registration of dogs. Without provision for a private right of action, Mr. Stokes cannot bring a claim under these ordinances.

Similarly, "[i]n the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." *Siliko v. Miami Univ.*, 2022-Ohio-4133, ¶ 37 (Ohio Ct. App.) (citations omitted). Accordingly, Plaintiff's reference to animal cruelty laws appears to reference Ohio's criminal statute forbidding cruelty to animals, but the statute does not offer him the ability to bring his own claim. *See* Ohio Rev. Code § 959.13. Nor can he maintain such a claim on the facts stated on a theory of civil liability for criminal acts. *See id.* § 2307.60. After all, according to the facts alleged, construed in Plaintiff's favor, no crime occurred.

Mr. Stokes also lists financial hardship among his claims. (ECF No. 1-1, PageID #9.) Financial hardship is not a cause of action. Instead, it is a legal concept that has numerous applications in various legal contexts. *See e.g. Empire State Rest.*

*& Tavern Ass'n, Inc. v. New York State*, 360 F. Supp. 2d 454, 463 (N.D.N.Y. 2005) ("'Undue financial hardship' is a widely used and accepted phrase in a variety of laws."). Regardless of what its intended meaning might be in this case, it does not present a cause of action.

Mr. Stokes also cites "(RFRA) HB376 (causing a burden on my religious practice." (ECF No. 1-1, PageID #9.) This appears to be a reference to the Religious Freedom Restoration Act, which has been proposed as legislation in the Ohio General Assembly but never enacted into law. *See, e.g.*, H.B. 376, 130th Gen. Assemb. (Ohio 2013). Mr. Stokes cannot pursue a claim pursuant to a law that has not been enacted.

### III.B. Plaintiff's Claims

Plaintiff's proposed amendment (ECF No. 7) adds a civil rights claim under 42 U.S.C. § 1983 to his original claims. (*Id.*, at PageID #94.) For present purposes, the Court reads the amendment both as a vehicle for Fifth and Fourteenth Amendment claims and to include Plaintiff's claims for "police misconduct," "fabrication of evidence," and "first amendment (free exercise clause)" in his original list of claims. (ECF No. 1-1, PageID #8-9.)

"[M]isconduct on the part of public police officers, to the extent that it infringes constitutionally-protected rights, gives rise to an action under Section 1983." *Huggins v. White*, 321 F. Supp. 732, 734 (S.D.N.Y. 1970) (citations omitted). The same can be said for fabrication of evidence. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935). As with any Section 1983 claim, "[t]he first step . . . is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim under Section 1983, a plaintiff must allege: "(1) a deprivation of a

right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). The constitutional violations that Mr. Stokes identifies concern the "first amendment (Free Exercise Clause)," "14th amendment (wrongful imposition of fines)," and "Violation of 5th Amendment Due Process." (ECF No. 1-1, PageID #9; ECF No. 7, PageID #94.)

### III.B.1. Free Exercise

The First Amendment forbids governments from enacting laws "that suppress religious belief or practice." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 523 (1993). Mr. Stokes alleges that the authorities microchipped his dog pursuant to a local ordinance. *See* Cleveland Codified Ordinances § 603.03 (directing police or animal control officers who recover a lost or abandoned dog to embed a microchip in the animal for the purpose of future identification). He objected to that action and protested because his religious beliefs forbid "chips and surveillance imbedded inside of people/stuff." (ECF No. 1-1, PageID #10 & #23; ECF No. 7, PageID #95–96.)

At the pleading stage, the record shows that the first time Mr. Stokes raised an objection to the microchipping of his dog came deep into a lengthy exchange of text messages. (*Id.*, PageID #23.) He raised this objection after repeatedly challenging Defendant's actions on many other grounds. When those did not work, Mr. Stokes added, as the second point the next in the series of texts: "[A]nd two I don't want it in her it goes against my religious beliefs and you're not going to make me go against my religious beliefs or mislead me and gas like me knowing that I have mental health

10

issues." (*Id.*)  "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." *Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241, 1243–44 (6th Cir. 2024) (quoting *Hernandez v. Commissioner of Internal Revenue*, 490 U.S. 680, 699 (1989)).  Courts may not "presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990).  Therefore, the Court takes seriously Plaintiff's religious objection.

Still, even construing the record in favor of Mr. Stokes, he fails to state a claim for a violation of his Free Exercise rights under the First Amendment or retaliation against them.  At the pleading stage, the record shows that Mr. Stokes objected to Defendant's actions not for religious reasons, but for a series of other reasons that the Constitution does not protect.  Therefore, the complaint fails to raise his right to relief on these grounds above the speculative level and fails to state a plausible claim for relief on these bases.

### III.B.2. Due Process

Also, Mr. Stokes alleges a due process violation and invokes the Fifth and Fourteenth Amendments.  (ECF No. 7, PageID #94.)  "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  Since Mr. Stokes brings his claims against a local governmental entity (or entities)

11

and not against agents of the federal government, he does not state a claim under the Fifth Amendment.

As for the Fourteenth Amendment, "[p]rocedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). "Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with the deprivation, or lack thereof, violated his rights to due process." *Id.*

Mr. Stokes' complaint does not allege facts to support a due process violation. His proposed amendment, which first raises this issue offers a parenthetical phrase by way of further explanation, "(lack of timely notification)," and an allegation, "Released dog . . . in middle of a heat wave, knowing [Mr. Stokes'] living, medical & financial situation." (ECF No. 7, PageID #94.) It is not clear how these statements, individually or in combination, provide a factual basis for his due process claim. Therefore, he falls short of offering "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and his due-process claim fails under the governing notice pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.B.3. Remaining Claims

Mr. Stokes' remaining claims of conversion, abuse of process, and emotional distress, are each based on Ohio law. (ECF No. 1-1, PageID #8–9.) The Court has

supplemental jurisdiction over these State-law claims pursuant to 28 U.S.C. § 1367. Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances. 28 U.S.C. § 1367(c). Supplemental jurisdiction "is a doctrine of discretion." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462-63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)). Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Because the Court dismisses all of Plaintiff's federal claims, the Court may, in its discretion, either retain jurisdiction over Plaintiffs' State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiffs' right to pursue the remaining claims in State court. *See* 28 U.S.C. § 1367(c)(3). "[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

Based on its review of the record and because the case remains in its early stages, the Court declines to exercise its discretion to retain jurisdiction over Plaintiffs' State-law claims. Therefore, the Court remands the balance of this case to State court.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Stokes' request to appoint counsel (ECF No. 8), **DENIES** his motion to amend his complaint as procedurally improper (ECF No. 6), **GRANTS** Defendant's motion to dismiss Plaintiff's federal claims (ECF No. 4), **DENIES AS MOOT** Defendant's motion to strike (ECF No 9), **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' State-law claims and, therefore, **REMANDS** this case to the Cuyahoga County Court of Common Pleas.

14

**SO ORDERED.**

Dated:  May 12, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio